UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CRIM. NO. 22-148 (MJD/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARTIN TORRES, JR.,

        Defendant.

**DEFENDANT'S POSITION ON SENTENCING**

Defendant Martin Torres, Jr., has pleaded guilty to one count of being a felon in possession of a firearm. He respectfully asks the Court to impose a sentence of 77 months in prison, a sentence sufficient but not greater than necessary to comply with the goals of federal sentencing.

### I. MR. TORRES'S CONTINUED OBJECTIONS TO THE PSR AND REQUEST FOR DOWNWARD DEPARTURE IN CRIMINAL HISTORY CATEGORY.

**A. Mr. Torres's base offense level is 24.**

In the plea agreement, the parties agreed that the applicable base offense level in this case was 24, based on his two prior qualifying convictions. Mr. Torres objects to the greater base offense level of 26 found in the PSR, which is based on an extended magazine found in a backpack in the car where Mr. Torres was a

passenger. (*See* PSR ¶ 15.)

Mr. Torres objects on two grounds. First, the evidence does not support a finding that the backpack belonged to Mr. Torres rather than to the driver of the car, who led police on a high-speed chase before getting stuck in a snowbank and fleeing into the woods. Second, there is no showing that the recovered magazine would even fit the firearm Mr. Torres possessed. It is counsel's understanding that no one has tested whether the magazine belonged to the firearm. Without these two showings, the government and the PSR cannot establish that Mr. Torres is subject to the enhanced base offense level recommended by the PSR. Mr. Torres respectfully asks the Court to find that the base offense level is 24.

A corrected base offense level of 24, raised by four levels for the altered serial number and reduced by three levels for acceptance of responsibility, results in a total offense level of 25.

> **B. Mr. Torres's criminal history score substantially over-represents the seriousness of his conduct, and so he asks the Court to depart to a Category V under § 4A1.3(b).**

Mr. Torres's criminal history is substantially over-represented because it includes multiple acts of double-counting. Although the guidelines permit this double counting, Mr. Torres believes his criminal history is more accurately reflected by a Category V and so respectfully asks the Court to depart

downward.

As the PSR notes, Mr. Torres was convicted in North Dakota of a methamphetamine offense, and then subsequently convicted of a federal methamphetamine offense where the state conviction was relevant conduct. (*See* PSR ¶¶ 39, 42.) He receives six points under the guidelines for conduct fully accounted for in his federal conviction.

Mr. Torres also receives *four* separately-scored convictions for conduct occurring on September 20, 2018, resulting in a total of six points. (*See* PSR ¶¶ 48–51.) Most egregiously, an assault was originally dismissed at sentencing on a methamphetamine count, only to be re-charged on Mr. Torres's release from custody. (*See* PSR ¶ 48 (noting the dismissal of the assault count in 2019), ¶ 50 (noting the assault count being resolved with a guilty plea in 2020).) He also had an open container charge separately charged and convicted, resulting in an additional point. While the conduct was serious, it all occurred in a single behavioral incident, and it can be fully accounted for in the three points he received for the most serious offense.

Mr. Torres's criminal history is substantially overstated because of this double counting, and he respectfully asks the Court to depart downward one criminal history category and calculate the advisory guideline range with a Category V.

## II. MR. TORRES ASKS THE COURT TO IMPOSE A SENTENCE OF 77 MONTHS IN LIGHT OF THE FACTORS OUTLINED IN § 3553.

Mr. Torres takes full responsibility for his actions, having pleaded guilty at the first opportunity. As a proper consequence for those actions, he respectfully asks the Court to impose a sentence of 77 months in prison.

When Mr. Torres was released from his most recent prison sentence, he was determined to make right. He worked as a concrete finisher, earning good money. He was starting to gain a greater understanding of himself, and he wanted to take advantage of mental health treatment for his PTSD and ADHD. He was starting to realize that drug treatment alone wasn't helping him. He realized that he first had to address his underlying mental health issues.

He sought out help for his mental health, but his insurance didn't cover the treatment. Although he had a good job, he couldn't afford to pay out of pocket while also supporting his family. For the time being, he would have to do without.

Around the same time, Mr. Torres gained custody of his daughter, Am.T. The child's mother was going through a difficult period where she felt she couldn't take care of her daughter because of her drug use, and so she came to Mr. Torres

for help. Mr. Torres and his wife, Desiree, agreed and took the child in. Mr. Torres was struggling to meet the demands of his life. The pressures mounted, and Mr. Torres started to use methamphetamine to cope. At first, he was just using occasionally.

But then Mr. Torres ended up in a difficult custody battle when social services stepped in and took Am.T. away from him after he admitted using. He tried to keep himself clean to regain custody, and for several months he succeeded. He took classes and attended court dates fighting to get Am.T. back. But then he failed another UA, which unlike the first one he disputed. His social services agent didn't believe him, and it became clear how difficult the battle for Am.T. would be. He lost hope, and he spiraled.

His conduct leading up to this offense was a result of that collapse. He stopped going to court, and his parental rights were taken away. Meth was cheaper than treatment, but it also made him paranoid. The world around him felt increasingly dangerous, and he'd already lost a daughter. It was the lowest, hardest point of his life. He believed he needed a gun to protect himself and his family. And he kept using meth until his arrest on this offense.

Mr. Torres is an entirely different person when he isn't using. He is hard-working. During his time at Sherburne County Jail, he hasn't gotten into trouble.

He's become a trustee. He has earned a job cleaning, trusted with access to all parts of the jail.

Mr. Torres is thoughtful about the path that led him here, and he is determined to learn from his past. He has been attending weekly therapy sessions in the jail, trying to dig down into the sources of his PTSD so he can learn to cope in better ways. He speaks openly about the mistakes he has made. Upon his release, he plans to seek out all mental health resources available to him.

A sentence of 77 months would be an appropriate sentence in this case. As the Court is well aware, in state court this case would carry a mandatory 60-month sentence. A 77-month sentence would be an appropriate upward sanction, recognizing that Mr. Torres has served federal time before.

Mr. Torres's conduct here was serious, there can be no question. But his conduct came directly from his spiraling methamphetamine addiction and his despair at losing his daughter. He had been using on the day of this offense, and his use explains the erratic behavior he displayed.

Section 3553 asks the Court to consider how best to protect the public from further crimes of the defendant and provide the defendant with needed treatment in the most effective manner. Respectfully, it will not be the longest

possible prison sentence that will protect the public from further crimes, but rather a severe sentence followed by necessary treatment for both his addiction and the mental health issues underlying that addiction.

Ultimately, what Mr. Torres wants is to return to the life he had before, only this time with a plan to deal with his mental health struggles without using methamphetamine. He is a skilled tradesman who can support his family, and that's what he wants to do. He greatly regrets that his actions will keep him away from his family for so long, but he is not one to speak in terms of "should have." He fully acknowledges his wrongful actions and makes no excuses for them. He knows it will take determination and effort to fight his addictions and live the life he wants, and he is ready to make that fight.

## CONCLUSION

For these reasons, Mr. Torres respectfully asks the Court to impose a sentence of 77 months.

Dated: February 24, 2023          /s/ Steven J. Wright
                                  Minnesota Attorney #387336
                                  Attorney for Defendant
                                  331 Second Avenue South, Suite 705
                                  Minneapolis, MN  55401
                                  Phone: 612-669-8280
                                  Fax:  612-341-0116